IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sara E. Siegler, | : | |
| Plaintiff | : | Civil Action 2:10-cv-172 |
| v. | : | |
| The Ohio State University, | : | Magistrate Judge Abel |
| Defendant | : | |

## ORDER DENYING RECONSIDERATION

The factual background of Plaintiff's claims is set forth in detail in the Court's May 23, 2011 Opinion and Order. (Doc. 79 at 1-5.)  Plaintiff, a former employee of Ohio State University ("OSU"), filed this action on February 24, 2010, alleging that she had been wrongfully discharged as a "whistleblower" after reporting to representatives of OSU and persons outside the university that her colleagues were misrepresenting to a grant-funding agency the nature and capabilities of the software they were using.  She brought four claims against Defendants (who comprise OSU, three former co-workers, and the president of OSU): (1)  wrongful termination in violation of Ohio whistleblower protection statutes; (2) civil conspiracy to violate Ohio whistleblower protection statutes; (3) conspiracy to commit the tort of retaliatory discharge; and (4) tortious interference with prospective economic advantages.

In its Opinion and Order, the Court granted Defendants' motion to dismiss.  It specifically found that Plaintiff's claims were barred by the Eleventh

Amendment, that subject matter jurisdiction did not exist, and that, to the extent Plaintiff may have intended to bring a claim under 42 U.S.C. §1983 for an unconstitutional taking under the Fifth Amendment, she failed to state a claim upon which relief could be granted.

This matter is now before the Court pursuant to Plaintiff's motion to reconsider (Doc. 82). Plaintiff sets forth, or reiterates, several arguments: (1) that as a "whistleblower" she should have been subject to certain protections pursuant to state and federal statute; (2) Defendants waived their Eleventh Amendment immunity and consented to be sued in this court; (3) the Court's dismissal of her claims for lack of subject matter jurisdiction was "unreasonable, unlawful, against the manifest weight of the evidence and unconstitutional"; (4) the Court erred in refusing to hear her constitutional challenge to the Bayh-Dole Act and other statutes; and (5) Plaintiff was not properly served by Defendants with certain documents.

The Court notes at the outset that, although Plaintiff states that she seeks reconsideration pursuant to 28 U.S.C. §636(b)(1)(A), Fed. R. Civ. P. 72, and Eastern Division Order No. 91-3, pt. F 5, the statutes and rules she cites refer to a request that the District Judge review a recommended disposition by the Magistrate Judge. However, the parties in this litigation consented to the reference of this action in its entirety to the Magistrate Judge, which includes all proceedings, entry of final judgment, and post-trial proceedings. (Docs. 37, 68, 69.) *See* 28 U.S.C. §636(c), Fed. R. Civ. P. 73(a). The Magistrate Judge accordingly acted in this case as if he

2

were the District Judge, and entered final judgment. (Doc. 80.) Plaintiff's motion will be treated as a timely motion for relief from a final judgment pursuant to Fed. R. Civ. P. 60(b).

Plaintiff's second and third assignments of error are based upon the dismissal of her lawsuit for lack of subject matter jurisdiction. In its Opinion and Order, the Court set out its reasoning concerning sovereign immunity:

> Defendants have now moved to dismiss Plaintiff's amended complaint. They assert that her complaint states only claims arising under Ohio law, and that she is barred from bringing these in federal court by the doctrine of sovereign immunity. This argument is correct. The Eleventh Amendment to the United States Constitution provides that states cannot be sued in federal court without their consent. *Wilson-Jones v. Caviness*, 107 F.3d 358, 358 (6th Cir. 1997). Under Ohio law, all state law claims against state employees must first be brought before the Ohio Court of Claims, which has exclusive and original jurisdiction over the question of whether an employee is immune from suit. *Underfer v. Univ. of Toledo*, 36 Fed.Appx. 831, 835 (6th Cir. 2002), citing O.R.C. §2743.02(F). A plaintiff cannot otherwise sue state employees in their official capacities in federal court for monetary damages, as a suit against a state employee in his or her official capacity amounts to a suit against the state itself. *Turker v. Ohio Dep't of Rehabilitation and Corrections*, 157 F.3d 453, 456-57 (6th Cir. 1998). *See also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993); *Bond v. Wilkinson*, 889 F.2d 1086 at *1 (6th Cir. 1989); *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Accordingly, this court does not have subject matter jurisdiction over Plaintiff's four stated claims (wrongful termination, civil conspiracy to violate whistleblower protection statutes, civil conspiracy to commit retaliatory discharge, and tortious interference with prospective economic advantages), and cannot hear them. Fed. R. Civ. P. 12(h). Plaintiff must bring such claims elsewhere.

(Doc. 79 at 7.) Plaintiff states here that the defendants all consented to be sued in this court, because they all waived service of summons. However, in the first place, Fed. R. Civ. P. 4(d)(5) explicitly provides that no defendant waives an objection to

personal jurisdiction by waiving service of a summons.  In the second place, a distinction exists between personal jurisdiction (the question of whether a particular court has power over a defendant) and subject matter jurisdiction (the question of whether a particular court can hear a certain kind of lawsuit).  Defendants have not argued that this court does not have personal jurisdiction over them.  However, a lack of subject matter jurisdiction renders a court powerless to hear claims or enter judgment at all, even if it would otherwise possess personal jurisdiction over the defendants.[1]  A court cannot act in the absence of subject matter jurisdiction. *Douglas v. E.G. Baldwin & Associates*, 150 F.3d 604, 606-07; Fed. R. Civ. P. 12(h)(3).

Plaintiff also presents on reconsideration several documents, including an order of the State Personnel Board of Review, an order of the Franklin County Court of Common Pleas, and an order of the Tenth District Court of Appeals.  None of these constitute consent by the State of Ohio to be sued in federal court.  Furthermore, a federal district court is generally prohibited from hearing an appeal from a state court decision.  The *Rooker-Feldman* doctrine states that only the Supreme Court of the United States has jurisdiction to review a case litigated and decided in a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District*

---

[1] In Ohio, for instance, a municipal court, even if it has personal jurisdiction over the persons being sued, does not have subject matter jurisdiction to hear a case in which more than fifteen thousand dollars in damages are sought.  O.R.C. §1901.17.  Likewise, a federal court, whether or not it has personal jurisdiction over the persons being sued, does not have subject matter jurisdiction to hear a case if it is barred from doing so by the Constitution.

*of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998).

Because all of Plaintiff's claims are brought under Ohio law against employees of the State of Ohio, and the State of Ohio has not waived sovereign immunity with respect to such claims, the Court is barred by the Eleventh Amendment from exercising subject matter jurisdiction over this matter. Her second assignment of error is thus not well taken.

In the Opinion and Order, the Court also found that, even were it not barred by sovereign immunity from hearing this suit against Defendants, subject matter jurisdiction would still not exist. It noted that, "[a]s all four of Plaintiff's stated claims arise under the common law and statutes of Ohio, she has not stated any basis for the exercise of federal question jurisdiction", and that complete diversity of parties did not exist, defeating diversity jurisdiction. (Doc. 79 at 7.) Plaintiff argues that this finding was contrary to law and unconstitutional. She concedes that diversity jurisdiction does not exist, but maintains in a variety of different arguments that federal question jurisdiction exists.[2] The most significant of these is that Plaintiff had intended to bring a claim under 28 U.S.C. §1983, which would establish subject matter jurisdiction under 28 U.S.C. §1343(a)(3), and which would

---

[2] None of Plaintiff's arguments on this question are well taken. The Court notes *inter alia* that, although the Seventh Amendment preserves the right to a jury trial in suits at common law, it does not establish a basis for subject matter jurisdiction. A federal court can neither permit nor deny the right to a jury in a case if it possesses no power to hear the case at all.

not be barred by the Eleventh Amendment. Although Plaintiff did not refer to §1983 in her amended complaint, the Court addressed this possibility in the Opinion and Order. It noted a sentence from Plaintiff's amended complaint which states that "[t]he taking of Siegler's intellectual property by defendant OSU constitutes a violation of her constitutional rights in accordance with the 'Takings Clause' of the Fifth Amendment…" (Doc. 6-1 at 84-85.) The Court found, however, that the only actionable defendant to whom Plaintiff referred in connection with this assertion was Dr. Scott D. Jewell, and that she failed to state a claim against him upon which relief could be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In her objections, Plaintiff asserts that she properly stated a claim under 28 U.S.C. §1983, because she pled that "1) OSU was acting under the color of state law, such as O.R.C. §123.341, and that 2) the conduct of OSU deprived Siegler of rights secured under federal law, such as the federal Americans with Disabilities Act ("ADA") and the aforementioned federal Whistleblower Protection Act of 1989." (Doc. 82 at 25.) However, as the Court previously noted, Defendant OSU is not a "person" who could be sued under 28 U.S.C. §1983. (Doc. 79 at 10.) Plaintiff's third assignment of error is not well taken. Furthermore, as the Court has determined that it lacks subject matter jurisdiction over this action, it cannot hear the merits of whether Defendants' actions were violative of Ohio's whistleblower statutes. Plaintiff's first assignment of error is accordingly also not well taken.

Plaintiff filed, along with her original complaint, a "Notice of Constitutional

6

Question" (Doc. 7), in which she stated that she wished to challenge the constitutionality under the Fifth Amendment of the Bayh-Dole Act, 35 U.S.C. §201 *et seq.*, and O.R.C. §3345.14, two statutes addressing the ownership of intellectual property created at universities. The Court previously found:

> In the first place, the Court will not hear Plaintiff's constitutional challenge to O.R.C. §3345.14 and the Bayh-Dole Act. Plaintiff's complaint does not include any allegation that any defendant ever actually invoked these statutes to assert that some piece of intellectual property belonged to Ohio State University because it had been produced there or because it had been produced using federal funds. To satisfy the requirement of Article III of the United States Constitution that federal courts have the power to hear only "cases" and "controversies", a party must demonstrate that she has standing to bring a claim. To have standing, a party must have suffered an "injury in fact" which is not only concrete and particularized, but also actual or imminent (as opposed to conjectural or hypothetical). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's complaint, construed most broadly, can be taken to imply that employees of Ohio State University took her intellectual property and misappropriated it for their own use (or for the University's use) without giving her credit. Plaintiff's request that the Court declare these statutes unconstitutional under the Fifth Amendment is founded not upon an assertion by Ohio State University or a finding by a court that Plaintiff did not own certain property, but upon Plaintiff's anticipation that Defendants would, if challenged, invoke these statutes to justify their position. This is a hypothetical injury. Since no one has actually invoked O.R.C. §3345.14 or the Bayh-Dole Act against her, Plaintiff has no standing to attack them.

(Doc. 79 at 9-10.) Plaintiff insists here that she has suffered injury, because OSU or OSU personnel stole her tissue handling protocol ideas and lymphoma research proposal without due process of law. Plaintiff may or may not have been harmed by theft of intellectual property. Nevertheless, whether or not Defendants did these things, Plaintiff has not asserted that they ever claimed that they were authorized

7

to do so by the Bayh-Dole Act or O.R.C. §3345.14.  She therefore has no standing to claim that anyone enjoyed the protection of an unconstitutional law in harming her.  Her fourth assignment of error is not well taken.

Finally, Plaintiff reiterates her claims that Defendants have committed technical violations of the rules concerning the service of documents.  The Court has addressed, and dismissed, these arguments before.  *See, e.g.*, Doc. 54.  Plaintiff has suffered no discernible prejudice from being mailed copies of Defendants' documents immediately after counsel electronically filed them, rather than before.  Her fifth assignment of error is not well taken.

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 82) is **DENIED**.  The Court further declines to grant her leave to amend her complaint after judgment has been entered against her, and that motion (Doc. 93) is **DENIED**.  The admission of additional evidence would have no bearing on the Court's determination as a matter of law that it lacks jurisdiction over this matter, and her two motions for admission of new evidence (Docs. 95, 96) are MOOT.

**IT IS SO ORDERED**.

s/Mark R. Abel
United States Magistrate Judge