IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sara E. Siegler, | : | |
| Plaintiff | : | Civil Action 2:10-cv-172 |
| v. | : | |
| The Ohio State University, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This action was brought by Plaintiff Sara E. Siegler, a former employee of Defendant The Ohio State University, who was terminated from her employment in 2009.  She alleged that she had been terminated for exposing misconduct at her place of employment, and that one Ohio State University professor had participated in plagiarizing a research proposal she had prepared.  On May 23, 2011, the Court granted Defendants' motion to dismiss.

This matter is before the Court pursuant to Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 102).  The United States Code provides at 28 U.S.C. §1915(a)(3) that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not taken in good faith".  Where the party seeking to appeal *in forma pauperis* is not a prisoner, the Court must screen the affidavit supplied by the appellant, which "shall state the nature of the action,

1

defense, or appeal and affiant's belief that the person is entitled to redress." §1915(a)(1). This requirement is designed to assist courts in the process of determining whether an appeal is taken in good faith – that is, whether it presents a substantial question that is not frivolous. *See Anderson v. Sundquist*, 1 F.Supp.2d 828, 835 (W.D. Tenn. 1998); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Plaintiff here has identified eight specific issues on appeal: (1) whether she is a "whistleblower" for purposes of Ohio state statutes and the federal Whistleblower Protection Act; (2) whether Defendants waived their Eleventh Amendment immunity by consenting to be sued in federal court; (3) whether the district court erred in ordering dismissal for want of subject matter jurisdiction; (4) whether the district court violated Plaintiff's constitutional rights in ordering dismissal for want of subject matter jurisdiction; (5) whether the district court erred in finding that Plaintiff had no standing to challenge the constitutionality of Ohio and federal statutes, including the Bayh-Dole Act, concerning the ownership of intellectual property created at state universities; (6) whether Defendants failed to properly serve certain documents upon Plaintiff; (7) whether the district court had inconsistently applied federal and local rules of civil procedure; and (8) which Ohio courts have subject matter jurisdiction to hear cases brought under Ohio whistleblower protection statutes.

The Court, which has previously addressed almost all of these questions on

their specific merits, finds that none of them present a substantial question that is not frivolous. The objective standard of an appeal "taken in good faith" encompasses legal issues in which a serious dispute can be raised. Plaintiff's contentions that, *e.g.*, she is protected by the federal Whistleblower Protection Act (a statute applicable only to federal, not state, employees), or that Defendants have waived any claim of Eleventh Amendment immunity by waiving service of process (a proposition utterly unfounded in the Constitution or rules of civil procedure), do not meet this standard.

Accordingly, the Court **CERTIFIES** that Plaintiff's appeal is not taken in good faith, and her motion for leave to appeal *in forma pauperis* (Doc. 102) is **DENIED**. The Clerk of Court is **DIRECTED** to make appropriate notice to the Court of Appeals pursuant to Fed. R. App. P. 24(a)(4)(A) and (B). If Plaintiff wishes to proceed with her appeal, she must pay the $455.00 appellate fee to the Clerk of Court within thirty days of the date of entry of this Order. Alternatively, Plaintiff may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the provisions of Fed. R. App. P. 24(a)(5).

Also before the Court is Plaintiff's Motion to File and Certify the Record on Appeal (Doc. 101). Plaintiff moves pursuant to Fed. R. App. P. 11 for the Clerk of Court to forward and certify the record on appeal. The Clerk of Court will (if Plaintiff's appeal should proceed) carry out this duty without the need for the specific instruction or direction of the Court. Plaintiff's motion to certify (Doc. 101) is thus **MOOT**, except that she is no way relieved of any specific duties established

3

by the Federal Rules of Appellate Procedure for the appellant herself, such as those concerning transcripts or the observance of deadlines.

s/Mark R. Abel  
United States Magistrate Judge